United States Courts
Southern District of Texas
FILED

AUG 0 6 2020

David J. Bradley, Clerk of Court

CAUSE NO. 1113192

| | | |
|---|---|---|
| BROOK FOREST COMMUNITY | § | IN THE COUNTY CIVIL |
| ASSOCIATION, INC. | § | COURT AT LAW NO. 3 |
|     Plaintiff, | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ERICH WILLIAM NORRIS | § | |
|     Defendant (*pro se*). | § | |



**COPY**

## DEFENDANT'S FIRST SUPPLEMENTAL ANSWER
## TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE LASHAWN WILLIAMS:

Pursuant to Rule 98, Defendant, Erich W. Norris, files this document. Plaintiff Brook Forest Community Association, Inc., henceforth "BFCA," has raised claims *improperly*, in *bad faith*, *contrary to the rule of law*, and is now subject to a legal malpractice suit because of said *impermissible* claims. It is quite surprising, if not perplexing, that a layperson (pro se) must raise this simple axiomatic, affirmative defense (special exceptions) to quash very well educated attorney's time-barred demands, such as those made by Gregg & Gregg, P.C., counsel for BFCA. They are sufficiently experienced and knowledgeable in the law to know it is improper to claim demands that were clearly **barred** by the Statue of Limitations a long time ago.

BFCA and Gregg & Gregg, P.C. have wasted this Court's valuable time and resources, not to mention everyone's valuable time. Defendant, Erich W. Norris, henceforth "I," raise special exception to Plaintiff's following claims:

1)  BFCA's demand for me to remove my two window A/C units from my house is time-barred by Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Residual Limitations Period) (4 Years). **(See Exhibit A - Letters #1 and #2; Letters #3 (Certified) and #4 (Certified))**.

2)  BFCA's demand for me to remove my utility trailer from my private driveway is time-barred by Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (4 Years). **(See Exhibit B - Letters #1 and #2; Letters #3 (Certified) and #4 (Certified))**.

The dates of these letters (exhibits) sent by BFCA's counsel to me concerning their demands clearly indicate they were fully aware of these issues long ago and said issues are now subject to the doctrine of *laches*. BFCA **failed** to enforce our subdivision deed restrictions (covenants) within the limitations period *as a matter of law* (emphasis added).

BFCA's original suit raising these issues (Case #CV81C0038913, Harris County Justice Court, Precinct 8, Place 1) was filed on March 11, 2013 and non-suited on November 20, 2013. I was not named as a party to said (original) suit. The filing of BFCA's second (current) suit raising said issues was filed on July 9, 2018. It is clear and self-evident more than **four (4) years** had passed before BFCA decided to file a second suit and *improperly* and *impermissibly* raise said issues.

The filing date of the second suit is not controlling in reference to the limitations period and is moot. The actual date said period began to accrue was in 2011 (approximately **seven (7) years** before second suit was commenced). An enforcement action accrues upon breach of the restrictive covenant. See *Colton v. Silsbee State Bank*,

952 S.W.2d 625, 630 (Tex.App.—Beaumont 1997, no writ); *Park v. Baxter*, 572 S.W.2d 794, 795 (Tex.App.-Tyler 1978, writ ref'd n.r.e.).  BFCA's knowledge of said covenant violations are clearly delineated and affirmed by their certified letters.   They are indisputable.

The statute of limitations for HOA's (Home Owner's Associations) to enforce deed restrictions is four years.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997); *Girsh v. St. John*, 218 S.W.3d 921, 925 (Tex.App.—Beaumont 2007, no pet.);  *Air Park-Dallas Zoning Comm. v. Crow-Billingsley Airpark, Ltd.*, 109 S.W.3d 900, 911 (Tex. App.-Dallas 2003, no pet.);  *Malmgren v. Inverness Forest Residents Civic Club, Inc.*, 981 S.W.2d 875, 877 (Tex.App.-Houston [1st Dist.] 1998, no pet.);  *Colton v. Silsbee State Bank*, 952 S.W.2d 625, 630 (Tex.App.-Beaumont 1997, no writ);  *Buzbee v. Castlewood Civic Club*, 737 S.W.2d 366, 368 (Tex.App.-Houston [14th Dist.] 1987, no writ);  *Park v. Baxter*, 572 S.W.2d 794, 795 (Tex.App.-Tyler 1978, writ ref'd n.r.e.).

BFCA has raised other time-barred claims and these will be addressed in the forthcoming document *Defendant's Second Supplemental Answer To Plaintiff's Original Petition.*

## CONCLUSION

The rule of law (Statute of Limitations) is clear.  BFCA's aforementioned claims concerning my window A/C units and utility trailer are time-barred.  These issues require no further argument or explanation.

Respectfully submitted,

*Erich W. Norris*

Defendant (*pro se*):
Erich W. Norris
15803 Clearcrest Dr.
Houston, TX 77059
Email: erich@erichnorris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of *Defendant's First Supplemental Answer to Plaintiff's Original Petition* has been sent to Harris County Civil Court At Law No. 3 and to Plaintiff's attorney at the address below on July 6, 2020 via USPS first class mail pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure.

Attorney for Plaintiff:
Gregg & Gregg, P.C.
16055 Space Center Blvd.
Suite 150
Houston, TX 77062

Erich W. Norris (*pro se*)

CAUSE NO. 1113192

| | | |
|---|---|---|
| BROOK FOREST COMMUNITY | § | IN THE COUNTY CIVIL |
| ASSOCIATION, INC. | § | COURT AT LAW NO. 3 |
| Plaintiff, | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ERICH WILLIAM NORRIS | § | |
| Defendant (pro se). | § | |



## **DEFENDANT'S FIRST MOTION FOR CONTINUANCE**

## **UNOPPOSED BY PLAINTIFF'S PRESIDENT**

TO THE HONORABLE JUDGE LASHAWN WILLIAMS:

Pursuant to Rule 252 and 253, Defendant, Erich W. Norris, files this document. Defendant, henceforth "I," requested a jury trial in January 2019 (See *Defendant's Response to Plaintiff's Original Petition*). Plaintiff, Brook Forest Community Association, Inc., henceforth "BFCA," **failed** to comply with this Court's *Order For Trial Setting* dated June 4, 2020 ordering them to notify me via certified mail of the trial setting for August 5, 2020. I just received an email on July 1, 2020 from BFCA's counsel indicating this trial was scheduled and would be held via Zoom. This is a shocking surprise to me.

I am opposed to a non-jury (non-person, digital) trial where I will not be able to effectively present my case and 'connect' in person with jurors. This could be detrimental to the outcome of my case. There is evidence by reputable research organizations that support this contention and I will gladly present said data if necessary. Please be mindful, BFCA is attempting to take my home of approximately 40 years away from me and render me homeless. I am currently without counsel.

In June I spoke with BFCA's president Greg Countie, a neighbor of mine, in person while he was walking his dog. We discussed Covid-19. I have Bronchiectasis – a chronic inflammatory lung disease (See Exhibit C). My specialist doctor at the Michael E. DeBakey Veteran's Administration Medical Center in Houston warned me I'm in a high risk group for death in the event I contract Covid-19. Greg indicated to me he was aware of the potential risk involved for people with underlying medical conditions and he indicated to me (verbally) at said meeting "they" (the HOA board) would NOT be opposing this motion. I am still waiting for official confirmation.

I'm requesting said continuance until January 2021 at which time there is evidence a vaccine (which is being fast-tracked) might be available. My doctor indicated I will be one of the first to receive said vaccine given my underlying lung condition. It would be irresponsible and dangerous for me to enter a 'community' building for an extended period where the risk of contracting said virus would be high.

Additionally, BFCA has **failed** to comply with my discovery requests and I need more time to conduct discovery. On January 18, 2019 I filed *Defendant's First Request for Admissions*. On January 22, 2019 I filed *Defendant's First Set of Interrogatories to Plaintiff*. BFCA's counsel replied to those requests but did so by committing postage meter *mail fraud* on USPS, believe it or not! I was instructed by USPS's Inspection Agency NOT to open said mailings and to hold on to them pending further investigation. Thus, I have not read BFCA's discovery responses that I requested. This is a developing story and one that has just been reignited due to initial misinformation from said agency.

The reason this pertains to reopening discovery is because on March 29, 2019 I sent BFCA's counsel an email indicating I cannot open their mailings and requested a

digital copy (See Exhibit D).  They **never** did so (emphasis added).  Thus, the discovery period needs to be reopened.

I am requesting that discovery be reopened pursuant to Rule 190.5 to allow me to adequately defend my case.  Matters of this suit have materially changed since it was removed to federal court.  I am currently seeking counsel.  There are additional reasons for this continuance.  Due to a time constraint I will supplement this motion later this week with further clarification and to clearly explain said additional reasons.  The trial is scheduled 30 days from now and I believe the deadline to submit this motion is today July 6, 2020.

I will also be seeking **sanctions** as the Court deems appropriate for BFCA's non-compliance with the aforementioned Order from this Court.

The purpose of this motion for continuance is not dilatory in nature but so that justice may be done.  This continuance and additional discovery is essential and vital for a safe and fair outcome.

Respectfully submitted,

*Erich W. Norris*

Defendant (*pro se*):
Erich W. Norris
15803 Clearcrest Dr.
Houston, TX 77059
Email: erich@erichnorris.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of *Defendant's First Motion for Continuance Unopposed by Plaintiff's President* has been sent to Harris County Civil Court At Law No. 3 and to Plaintiff's attorney at the address below on July 6, 2020 via USPS first class mail pursuant to Rules 21 and 21a of the Texas Rules of Civil Procedure.

Attorney for Plaintiff:
Gregg & Gregg, P.C.
16055 Space Center Blvd.
Suite 150
Houston, TX 77062

Erich W. Norris (*pro se*)

CAUSE NO. 1113192

| | | |
|---|---|---|
| BROOK FOREST COMMUNITY ASSOCIATION, INC. | § § § | IN THE COUNTY CIVIL COURT AT LAW NO. 3 |
| Plaintiff, | § | |
| vs. | § | |
| | § | HARRIS COUNTY, TEXAS |
| ERICH WILLIAM NORRIS | § | |
| Defendant (*Pro se*). | § | |



## Defendant's Response to Plaintiff's Original Petition

I, Defendant Erich W. Norris, respond to Plaintiff, Brook Forest Community Association, Inc., assertions and claims in their original petition by saying the covenants (deed restrictions) expressed in said petition violate fundamental constitutional rights and liberties of homeowners, both state and federal, and I choose to challenge them in a court of law with the aid of discovery procedures and invoke my right to a trial by jury. Furthermore, said covenants are unconscionable and in violation of the Texas Business and Commerce Code, Subchapter C, Section §2.302, as well as Sections§17.44 and 17.46.

I am without counsel and thus *Pro se*.  In the event my motion to dismiss is denied, I will discuss Plaintiff's claims in more detail at the scheduled oral hearing on January 14, 2019.

Respectfully submitted,
(1/14/2019)

*Erich W. Norris*

Defendant (*Pro se*):
Erich W. Norris
15803 Clearcrest Dr.
Houston, TX 77059

<u>Print</u>  |  <u>Close Window</u>

**Subject:** Communication & Mailings
**From:** erich@erichnorris.com
**Date:** Fri, Mar 29, 2019 4:55 pm
**To:** "Tamara Gaines" <tgaines@gregg-gregg.com>

 **COPY**

Mrs. Gaines,

I do not have a telephone at the moment and my internet access is limited.  If you wish to contact me, do so by USPS mail or email.

I have notified the Court of my opposition to your motion.  You should have received an email copy.

Additionally, USPS has advised me to retain the mailings you sent me on February 18th (2 letters) and 19th (3 letters) undisturbed while you and your company are being investigated for your postage meter mail fraud by the their Inspection Agency.  Thus, I need a digital (.pdf) copy of those mailings as I have not opened said letters and cannot open them because they are evidence (unopened/sealed) in said investigation.

Sincerely,
Erich Norris

Copyright © 2003-2020. All rights reserved.

# Defendant's Exhibit D

Cause No. 1113192

| | | |
|---|---|---|
| BROOK FOREST COMMUNITY ASSOCIATION, INC. | § § § | IN THE COUNTY CIVIL |
| Plaintiff, | § | |
| | § | |
| v. | § | COURT AT LAW NO. 3 |
| ERICH WILLIAM NORRIS, | § § | |
| Defendant. | § § | HARRIS COUNTY, TEXAS |

**COPY**

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION FOR CONTINUANCE UNOPPOSED BY PLAINTIFF'S PRESIDENT

Plaintiff, BROOK FOREST COMMUNITY ASSOCIATION, INC., hereby responds to Defendant's First Motion for Continuance Unopposed by Plaintiff's President ("Motion") and states:

1.      This case was filed on July 9, 2018.  Defendant made his first appearance in this matter on or about January 15, 2019.

2.      Since that time, Defendant has filed two (2) different proceedings in Federal Court, which were ultimately denied or dismissed.

3.      Plaintiff has notified Defendant of the trial setting in this matter, as shown in the Notice of Filing filed in this matter.

4.      Defendant essentially asserts two reasons he is requesting a continuance.  Plaintiff responds to each as follows:

    a.      Defendant demands an in-person jury trial. While Defendant claims that he requested a jury trial, Defendant failed to pay the required jury fee pursuant to Tex. R. Civ. P. 216(b).   Further, allowing Defendant to pay the fee now, more than two (2) years after suit was filed, would cause unreasonable delay

as jury trials are not being held, and may not be held for some time to come, as a result of COVID-19.

b.    Defendant demands the right to re-open discovery due to the alleged failure of Plaintiff to comply with discovery requests.  However, Defendant acknowledges that Plaintiff responded to his discovery requests.  Defendant claims he could not open them due to an alleged mail fraud investigation. Regardless, Plaintiff has complied with all discovery requests.  Defendant's request to re-open discovery is untimely, unnecessary and will cause unreasonable delay.

5.    For these reasons, Plaintiff objects to a continuance of the trial scheduled for August 5, 2020 or to rescheduling this matter as a jury trial.

WHEREFORE, Plaintiff respectfully requests that the Court deny the Motion.

Respectfully submitted,

GREGG & GREGG, P.C.

By:    */s/ Tamara R. Gaines*
        TAMARA R. GAINES
        TBN: 24089152
        16055 Space Center Blvd., Suite 150
        Houston, Texas 77062
        Telephone: (281) 480-1211
        Facsimile: (281) 480-1210
        Email: tgaines@gregg-gregg.com
        ATTORNEY FOR PLAINTIFF

Cause No.  1113192

| | | |
|---|---|---|
| BROOK FOREST COMMUNITY | § | IN THE COUNTY CIVIL |
| ASSOCIATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COURT AT LAW NO. 3 |
| | § | |
| ERICH WILLIAM NORRIS, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

**COPY**

<u>NOTICE OF FILING PROOF OF SERVICE</u>

Pursuant to the request of the Court, Plaintiff hereby files proof of service of the Order for

Trial Setting via Video Conference dated June 19, 2020.  Proof of service is attached hereto.

Respectfully submitted,

GREGG & GREGG, P.C.


By:    */s/ Tamara R. Gaines*
       TAMARA R. GAINES
       TBN: 24089152
       16055 Space Center Blvd., Suite 150
       Houston, Texas 77062
       Telephone: (281) 480-1211
       Facsimile: (281) 480-1210
       Email: tgaines@gregg-gregg.com
       ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

This is to certify that a true and correct photocopy of *Notice of Filing Proof of Service* has been served upon all attorney(s) of record and/or *pro se* parties by U.S. first class mail on this the _14th_ day of July, 2020 to such attorney(s) and/or parties:

> Erich William Norris
> 15803 Clearcrest Drive
> Houston, Texas 77059-6411

and the original was filed with the County Clerk of Harris County, Texas, pursuant to Rules 21 and 21a of the *Texas Rules of Civil Procedure*.


/s/ Tamara R. Gaines
Tamara R. Gaines

**1113192**

**Harris County - County Civil Court at Law No. 3**

7/27/2020 2:11 PM
Chris Hollins
County Clerk
Harris County

Cause No.  1113192

| | | |
|---|---|---|
| BROOK FOREST COMMUNITY | § | IN THE COUNTY CIVIL |
| ASSOCIATION, INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | COURT AT LAW NO. 3 |
| | § | |
| ERICH WILLIAM NORRIS, | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

**COPY**

## PLAINTIFF'S NOTICE OF SPECIAL EXCEPTIONS RELATED TO DEFENDANT'S NOTICE OF COUNTERSUIT AND COUNTERCLAIMS

Plaintiff, BROOK FOREST COMMUNITY ASSOCIATION, INC., hereby asserts special exceptions to Defendant's Notice of Countersuit and Counterclaims ("Notice") and states:

1.     This case was filed on July 9, 2018.  Defendant made his first appearance in this matter on or about January 15, 2019.

2.     Since that time, Defendant has filed two (2) different proceedings in Federal Court, which were ultimately denied or dismissed.

3.     Trial is scheduled in this matter for August 5, 2020.

4.     On July 8, 2020, defendant served the Notice.

5.     In the Notice, Defendant states that he is "suing [Plaintiff], Greg Countie and each of its board members".  Greg Countie and Plaintiff's board members are not parties to this litigation. However, Defendant failed to pay any fees for filing third party claims, failed to seek leave from the court to add additional parties pursuant to TRCP 38(a), and failed to serve the additional parties pursuant to TRCP 38(a).

6.     Likewise, while Defendant states he is suing these parties for violations of the Texas Property Code and Texas Business Organizations Code, harassment, negligence, and emotional

distress, he asserts to no factual basis for these claims and fails to address the elements of or damages for each cause of action.

7.      Further, Defendant asserts that he "may file additional claims" and confirms that the Plaintiff's board members have not been named.

8.      Finally, Defendant asserts that he is suing the undersigned for legal malpractice but that he is researching the matter.  The undersigned is also not a named party.

WHEREFORE, Plaintiff respectfully requests that the Court order the Plaintiff to cure the defects in form and substance in the Notice.

Respectfully submitted,

GREGG & GREGG, P.C.


By:      /s/ Tamara R. Gaines
         TAMARA R. GAINES
         TBN: 24089152
         16055 Space Center Blvd., Suite 150
         Houston, Texas 77062
         Telephone: (281) 480-1211
         Facsimile: (281) 480-1210
         Email: tgaines@gregg-gregg.com
         ATTORNEY FOR PLAINTIFF

CERTIFICATE OF COMPLIANCE

This is to certify that a true and correct photocopy of *Plaintiff's Notice of Special Exceptions Related to Defendant's Notice of Countersuit and Counterclaims* has been served upon all attorney(s) of record and/or *pro se* parties by e-mail on this the 28th day of July, 2020 to such attorney(s) and/or parties:

> Erich William Norris
> 15803 Clearcrest Drive
> Houston, Texas 77059-6411
> erich@erichnorris.com

and the original was filed with the County Clerk of Harris County, Texas, pursuant to Rules 21 and 21a of the *Texas Rules of Civil Procedure*.

> /s/ Tamara R. Gaines
> Tamara R. Gaines